Estate of William D. Murphy, Deceased, Nellie K. Murphy, Executrix v. Commissioner. Donald V. Murphy v. Commissioner.
Estate of William D. Murphy v. Commissioner
Docket Nos. 19432, 19433.
United States Tax Court
1949 Tax Ct. Memo LEXIS 93; 8 T.C.M. (CCH) 745; T.C.M. (RIA) 49205; August 26, 1949
*93 Benjamin E. Shove, Esq., Hills Bldg., Syracuse, N. Y., for the petitioners. Thomas R. Charshee, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies and penalty on the part of Eveready Parking Stations, Inc. for the year 1943 in the following amounts: Income tax
$1,734.14
Declared value excess profits tax
1,497.76
Excess profits tax
4,133.81
Penalty
1,033.45
He thereupon determined that William D. Murphy, now deceased, and Donald V. Murphy were each individually liable as a transferee of the assets of Eveready Parking Stations, Inc., and notified petitioners accordingly. In their petitions the petitioners allege error in the above finding that they were liable as transferees of the assets of Eveready Parking Stations, Inc. By respondent's answers and admissions by petitioners' replies, it is established that William D. and Donald V. Murphy were individuals who resided in Syracuse, New York. [The Facts] Eveready Parking Stations, Inc. is a corporation incorporated under the laws of the State of New York and during 1943 its business address was 103 Harrison Place, Syracuse, *94 New York. The corporation income and declared value excess profits tax return of Eveready Parking Stations, Inc. for the period here involved was filed with the collector of internal revenue for the 21st district of New York at Syracuse, New York. In its tax return the company reported net income in the amount of $971.64. In such return there was claimed deduction for compensation of officers in the sum of $32,000, being $16,000 claimed as compensation paid to each William D. and Donald V. Murphy. Donald V. and William D. Murphy, the petitioners herein, each owned 50 per cent stock of Eveready Parking Stations, Inc. during the calendar year 1943. The respondent assessed against Eveready Parking Stations, Inc. the above stated deficiencies and penalty for the calendar year 1943, such action being predicated on his holding that the sum of $16,000 paid to each William D. and Donald V. Murphy as salary by Eveready Parking Stations, Inc. was excessive to the amount of $7,500 in the case of William D. Murphy, deceased, and to the extent of $6,000 in the case of Donald V. Murphy. When the case came on for hearing, respondent, on whom rested the burden of proof of liability as transferees, *95 called Donald V. Murphy to the stand. By question and answer it was developed that Murphy was an officer during the year 1943 of Eveready Parking Stations, Inc.; that his brother was also an officer, and that the "amount of income from salary" received from Eveready Parking Stations, Inc. in 1943 by each was $16,000. It was also developed that a deficiency letter showing a deficiency in tax for 1943 was sent to Eveready Parking Stations, Inc.; that no appeal was taken to the Tax Court from that letter; that the tax subsequently assessed was not paid by the corporation. In addition to the above, practically the only evidence introduced was a copy of the corporate income and declared value excess profits tax return for the year 1943. Respondent thereupon rested his case. [Opinion] Petitioners contend that they are entitled to a decision for failure of proof by respondent. We agree with petitioners. By statute, the burden of proof of transferee liability is placed on the respondent. This requires, among other elements, proof that the alleged transferees received assets of a transferor corporation of such value that the transfer rendered the corporation insolvent. This, the *96 evidence does not show. Respondent's case is based primarily on the holding that the salaries were excessive, he contending that the excess amounts represented distributions to petitioners as stockholders, the same constituting a transfer of assets. If the proof were sufficient to establish the later facts, respondent might prevail. But there is no such proof. No proof was presented from which we can conclude that the salaries were excessive. As above noted, the burden of proof by statute and because of his affirmative allegations, denied by petitioners' replies, was on the respondent. A salary may be reasonable or unreasonable, dependent upon comparison with other salaries and other facts. Without adequate facts we are in no position to make a finding on such matter. Thus respondent has not proven one of the essential elements of a transferee case. Decisions of no liability will be entered for the petitioners.